UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LOBARI BLACKWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-12719-MJJ |
| | ) | |
| STATE POLICE A5, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**JOUN, D.J.**

Lobari Blackwell ("Mr. Blackwell"), who is representing himself, has filed a Complaint

against "State Police A5" and the Everett Police Department. Mr. Blackwell filed a Motion for

Leave to Proceed *in forma pauperis* with his complaint. He later filed two Motions for Judgment

as a Matter of Law and a Supplemental Complaint. Upon review of Mr. Blackwell's filings, the

Court GRANTS the motion for leave to proceed *in forma pauperis* and directs Mr. Blackwell to

file an amended complaint if he wishes to proceed with this action.

**I.      Motion for Leave to Proceed *in Forma Pauperis***

Upon review of the Motion for Leave to Proceed *in forma pauperis*, [Doc. No. 2], the

Court <u>GRANTS</u> the same.

**II.     Court's Review of the Complaint**

Because Mr. Blackwell is proceeding *in forma pauperis*, his Complaint is subject to a

preliminary screening under 28 U.S.C.§ 1915(e)(2), which authorizes a federal court dismiss an

action in which a plaintiff is proceeding *in forma pauperis* if the action is malicious, frivolous,

fails to state a claim upon which relief may be granted, or seeks monetary relief against a

defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). Because Mr. Blackwell

is not represented by an attorney, the Court construes his complaint more liberally than a

pleading drafted by a lawyer. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

Mr. Blackwell's claim consists of a one-sentence allegation that "a violation of rights

occurred" by "enforced laws of the state under the article of the confederation." [Doc. No. 1 at

3]. He suggests that he is bringing this action under 42 U.S.C. § 1983. [*Id.*]. In his prayer for

relief, he asks for damages and "permanent immunity against searches, seizures, and

apprehension without a warrant." [*Id.*].[1]

Mr. Blackwell's complaint fails to state a claim upon which relief may be granted

because it consists solely of a legal conclusion that the defendants violated his rights. It does not

give the defendants any notice of the claims against them or show that Mr. Blackwell is entitled

to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that a complaint does not

"suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (alteration in

original) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007))).

The "supplemental complaint" does not cure the pleading deficiencies of the original

complaint. In this document, Mr. Blackwell alleges that, during two traffic stops, he was "placed

into custody, and transported to headquarters," that "officers Holland, Young, and Silmon

removed [him] from the vehicle," and that he was "detained and cited." [Doc. No. 6 at 3].

---

[1] The Court notes that Fourth Amendment does not prohibit any warrantless seizure—rather, it
protects against "*unreasonable* searches and seizures." U.S. Const. amend. IV (emphasis added).
A traffic stop is a "seizure" of a person, but it is reasonable if "the police have probable cause to
believe that a traffic violation has occurred,'" *United States v. Reyes*, 24 F.4th 1, 17 (1st Cir.
2022) (quoting *Whren v. United States*, 517 U.S. 806, 809-810 (1996)). Further, "a warrantless
arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause
to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S.
146, 152 (2004).

Without more, these allegations do not suggest that the defendants or the three identified officers engaged in any misconduct.

If Mr. Blackwell wishes to proceed with this action, he must file an amended complaint that identifies, in non-conclusory language, the alleged misconduct of each defendant. The factual allegations, treated as true, must show that Mr. Blackwell is entitled to relief from the named defendants under a cognizable legal theory. The amended complaint will supersede the original complaint the supplemental complaint.

## III.    Conclusion

For the foregoing reasons, the Court hereby orders:

1)    The Motion for Leave to Proceed *in forma pauperis* [Doc. No. 2] is <u>GRANTED</u>.

2)    If Mr. Blackwell wishes to proceed with this action, he must file an amended complaint in which he clearly identifies the alleged misconduct of each defendant.  Failure to file an amended complaint within twenty-eight (28) days will result in dismissal of this action.

3)    The Motions for Judgment as a Matter of Law [Doc. Nos. 4, 5] are <u>DENIED</u>.

**SO ORDERED.**

 /s/ Myong J. Joun
Myong J. Joun
United States District Judge

Dated: February 10, 2026

3