UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LOBARI BLACKWELL, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 25-12719-MJJ |
| | ) | |
| STATE POLICE A5, et al., | ) ) | |
| Defendants. | ) ) ) | |

**ORDER**

**JOUN, D.J.**

Upon the Court's order, on February 26, 2026, Lobari Blackwell ("Mr. Blackwell"), who is representing himself, filed a Second Amended Complaint, naming certain police officers of Revere and Everett as defendants. [Doc. No. 11]. For the reasons stated below, the Court DISMISSES this action for failure to state a claim upon which relief may be granted.

**I.      Blackwell's Second Amended Complaint**

In the Second Amended Complaint, Blackwell alleges that, while in a McDonald's parking lot in Chelsea on December 18, 2024, three Everett police officers unlawfully conducted a check of his license plate number and subsequently approached him and asked for his license. According to Blackwell, he first asked the reasons for his stop, which request "was determined by Officer Sylvain as a refusal in accordance to M.G.L.C. 90 § 25," and he was arrested on that basis. [*Id.* at 5]. Blackwell asserts that he was deprived of his right to due process because he was arrested without a "preliminary hearing" or "cross examination of [the] defendant to determine probable cause." [*Id.*].

Blackwell also alleges that, on April 16, 2025 "Officer 9345" conducted a traffic stop and cited Blackwell "without established crime nor probable cause of criminal law." [*Id.* at 6].

**II.    Discussion**

The claim concerning the December 18, 2024 arrest fails to state a claim upon which relief may be granted because it is barred under the doctrine of res judicata. "Under the federal law of res judicata, a final judgment on the merits of an action precludes the parties from relitigating claims that were raised or could have been raised in that action." *Maher v. GSI Lumonics, Inc.*, 433 F.3d 123, 126 (1st Cir. 2005) (quoting *Porn v. Nat'l Grange Mut. Ins. Co.*, 93 F.3d 31, 34 (1st Cir. 1996)). A claim that is barred by res judicata fails to state a claim upon which relief may be granted. *See Medina-Padilla v. U.S. Aviation Underwriters, Inc.*, 815 F.3d 83, 85 (1st Cir. 2016).

The Court takes judicial notice that, on February 27, 2026, Judge Richard G. Stearns of this Court determined that Blackwell's failure to immediately provide his license upon request during the same traffic stop fails to state a claim upon which relief may be granted:

> Massachusetts law requires a driver to hand over his license for the officer's inspection "on demand" and without conditions, and failure to do so is a criminal offense. *See* Mass. Gen. Laws ch. 90, S 25. Here conditioning production on the driver's prior satisfaction with the officer's explanation of the reasons for the order would objectively be construed as noncompliance with the statute. Because, under the alleged facts, there was probable cause to believe that Blackwell had committed a criminal offense, the warrantless arrest was reasonable. *See Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). In addition, none of the other allegations of misconduct by law enforcement set forth a basis for relief under a cognizable legal theory. The Clerk will enter an Order of Dismissal and close the case.

*Blackwell v. Everett Police Dep't*, C.A. No. 25-11082-RGS [Doc. No. 27] (D. Mass. Feb. 27, 2026). Blackwell cannot relitigate this claim in a different action.

2

The claim concerning the April 16, 2026 traffic stop also fails to state a claim upon which relief may be granted because, as the Court stated in its earlier order, a traffic stop is "reasonable" under the Fourth Amendments if "the police have probable cause to believe that a traffic violation has occurred." *United States v. Reyes*, 24 F.4th 1, 17 (1st Cir. 2022) (quoting *Whren v. United States*, 517 U.S. 806, 809-810 (1996)).

## III.     Conclusion

For the foregoing reasons, the Court order that this action be DISMISSED for failure to state a claim upon which relief may be granted.

**SO ORDERED.**

  /s/ Myong J. Joun
Myong J. Joun
United States District Judge

Dated: June 8, 2026